Leocadio Más, Plaintiff and Appellee, *v.* Juan de Dios Marrero, Defendant and Appellant.

No. 6371.  Argued May 4, 1934.—Decided May 24, 1934.

*Pablo Andino* for appellant.  *G. Cruzado Silva* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

On October 18, 1932, Leocadio Más brought an action in the District Court of San Juan requesting the fixing of boundaries of certain properties of the plaintiff and of the defendant Juan de Dios Marrero, which are adjoining and are located in the ward of Santurce of the city of San Juan.

The defendant demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. This demurrer, submitted to the lower court without argument by the plaintiff, the defendant not having appeared to argue the same, was overruled, and Juan de Dios Marrero was granted ten days to file his answer. The defendant was notified of the order of the court on December 8, 1932, and on the 17th of the same month he appeared by his attorney, who alleged that he was over-burdened with professional work and duties of a legislative character, and requested an extension of 20 days in which to file an answer. This extension having been granted and having expired without any further action on the part of the defendant, on January 9, 1933, the plaintiff requested that the default be noted, which was done.

The hearing of the case was held, the plaintiff appeared and produced his evidence, and the court rendered judgment for the plaintiff on March 30 of the same year. Several days afterward the defendant, represented by his attorney, Pablo Andino, requested that the judgment be set aside, alleging that he had gone to the office of his former, attorney, Mr. Dones Padró, who told him that "his legislative work had taken up his time and attention to such an extent that he had forgotten his obligation to answer the complaint in due time." The motion of the defendant is supported by an affidavit in which he ratifies the words he attributes to his attorney and states that, in his judgment, he has a good and just defense. The said defendant also filed an answer in which he denies, for lack of information and belief, that the plaintiff is the owner of the parcel described in the complaint as belonging to him, and in case he is, that some part or portion of its area is lacking, and alleges that he has been in possession of the property described in the complaint as owner quietly, publicly, and peacefully, without any interruption, counting the possession of his predecessors, for more than 30 years. The lower court denied the motion to set aside the judgment.

The appellant maintains that the lower court erred in holding that the ground alleged as excusable neglect was that his attorney was busy during the months of December, 1932, and January, 1933, with legislative work. It is argued that the motion is based on the oversight of the attorney for the defendant and that said oversight may be traced to the fact that his mind was concerned with legislative affairs, which absorbed his attention so intensely that he fixed it only on his duties as a legislator, forgetting those of his profession. It is also stated that the court erred in holding that the client cannot be excused for the negligence of his attorney.

We have seen that in December an extension was requested by the attorney, Mr. Dones Padró, alleging exces-

sive professional work and occupations of a legislative character, and that the defendant in his motion stated under oath that his attorney told him that his legislative work had taken up his time and attention to such an extent that he had forgotten his obligation to answer the complaint.

It is not possible to accept as valid an excuse which is based on the mental preoccupation of a legislator with his legislative work. If we should accept this excuse, the legislators authorized to practice our profession could, at any time, on the claim of being mentally preoccupied with affairs relating to their duties in the Legislative Assembly, be excused from presenting their pleadings in the courts of justice within the time provided by law. This is a case in which judicial discretion has been properly exercised. The defendant has not presented any reason whatever to justify setting aside the judgment. Courts of justice generally and wisely exercise their discretionary powers liberally when the question is one of setting aside a default or of setting aside the judgment after the default has been entered. It is necessary, however, that some reasonable excuse be offered which may serve as a ground for the exercise of judicial discretion in accordance with section 140 of the Code of Civil Procedure. In this case such an excuse does not appear. The lower court, in denying the motion, expressed itself as follows:

"At the hearing of the motion to set aside the default the parties appeared on April 18, and argued the question extensively. We would be lacking in selft-respect if we should admit that the Legislature of Puerto Rico is in session in December and January, inasmuch as not only lawyers but plain citizens know full well that the Legislature of Puerto Rico meets on the second Monday of February of every year. Nor can we admit that such an allegation can in itself constitute the cause of ignorance or mistake or excusable neglect. The fact is that the attorney appeared on two occasions; that the defendant knew of such appearances, and it is not until judgment has been rendered, the plaintiff has presented evidence, and the defendant has been notified of the judgment, notwithstanding that in his motion he states that he has not been notified, that

694

he appears with a motion requesting the setting aside of the default. Between the date on which the default was entered by the plaintiff, or January 10, 1933, and March 17, when the hearing of the case was held, more than two months had elapsed. The defendant could have readily ascertained the status of his case, and he did not do so. To sanction this practice would make trials interminable, and it would be useless then to enter defaults and to hold trials, if the court were to set aside the default and permit the issue to be joined at that time, simply because the defendant alleges that his attorney was occupied with legislative sessions during the months of December and January. The attorney who represented the defendant during those months does not say this. Furthermore, our judgment merely sustained the complaint and ordered the boundaries of the parcel to be established according to the survey made. There is nothing to prevent the defendant from defending his rights when the boundaries are fixed; but neither the affidavit of merits nor the answer could give us a reasonable basis for permitting that this case be reopened, after it has been decided, on the mere statement made to us by the defendant in said pleadings.''

The judgment appealed from must be affirmed.